# IN THE COURT OF APPEALS OF IOWA

No. 21-0291
Filed April 28, 2021

**IN THE INTEREST OF A.D. and I.D.,**
**Minor Children,**

**T.M., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Jones County, Jason A. Burns, District Associate Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

Robert W. Davison, Cedar Rapids, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Deborah M. Skelton, Walford, attorney and guardian ad litem for minor children.

Considered by Doyle, P.J., Mullins, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**VOGEL, Senior Judge.**

The father of A.D., born in 2011, and I.D., born in 2012, appeals the termination of his parental rights.[1]  Agreeing with the juvenile court that the father has not participated in offered services or demonstrated any consistency engaging with his children, we affirm.

In June 2019, the children were living with their mother when it was reported she was using methamphetamine and leaving the children without proper care. The father was not living in the family home at the time, but prior child abuse assessments against him date back to 2012.  The children were voluntarily placed with extended family.  The Iowa Department of Human Services (DHS) sought formal removal of the children, which the court granted on August 2.  The father stipulated the children were in need of assistance on August 9 and that removal should continue.  At the September 6 dispositional hearing, the court adopted DHS's permanency plan of offered services, which included that the father complete a substance-abuse evaluation and follow any recommendations.  With the father showing little progress in either consistency of contact with the children or participating in offered services, the State moved to terminate his parental rights. After a January 28, 2021 hearing, the court granted the State's petition.  The father appeals.

"We review termination of parental rights proceedings de novo."  *In re J.H.*, 952 N.W.2d 157, 166 (Iowa 2020).  "While we are not bound by the juvenile court's factual findings, we accord them weight, especially in assessing witness

---

[1] The mother's parental rights were also terminated.  She does not appeal.

credibility." *Id.* "'[O]ur fundamental concern' on review 'is the child's best interests.'" *Id.* (alteration in original) (quoting *In re J.C.*, 857 N.W.2d 495, 500 (Iowa 2014)).

The father's parental rights were terminated under Iowa Code section 232.116(1)(f) (2021).[2]  He only challenges the findings as to the fourth element, which requires the State to establish that the children cannot be returned to his custody as provided in section 232.102, that is without exposing the children to adjudicatory harm.  *See* Iowa Code § 232.102(4)(a)(2) (requiring the court find by clear and convincing evidence the children "cannot be protected from some harm which would justify the adjudication of the child[ren] as [children] in need of assistance").  The father asserts there are "minimal safety concerns regarding the children" in his care.

The record details three founded child abuse assessments in which the father was the perpetrator of physical abuse.  The incidents are dated July 7, 2012, January 12, 2018, and July 1, 2020.  During the eighteen months the children were removed from the home, the father has failed to address these findings.  At the termination hearing he minimized any abuse, stating the reports were

---

[2] Iowa Code section 232.116(1)(f) provides the court may terminate a parent's parental when the court finds that all of the following have occurred:
> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

"circumstantial" and a "misunderstanding." In spite of the three founded child abuse reports detailing physical abuse, he denied that he had any anger management issues. He has inconsistently visited with the children either in person or by video chat throughout these proceedings, canceling twenty of twenty-eight offered visits. By late October 2020, the children's therapist noted how the children regressed after their visits, causing the therapist to strongly recommend contact with the father stop "to allow the children [to] heal and process trauma." After examining the prior child abuse findings and the trauma inflicted upon the children, the juvenile court determined the children could not be in the father's care without risking adjudicatory harm. We agree.

Next the father asserts it is not in the children's best interests that his parental rights be terminated, in part asserting a bond between the children and the father. *See* Iowa Code § 232.116(2), (3)(c).

The juvenile court found the father's "actions echo far louder than his words." A review of the record confirms the details of that finding. In a January 23, 2020 DHS progress report, the worker noted the father "has sporadic contact with his children" either in person or phone calls. The March 3 progress report noted that although his interactions with the children were positive, they remained sporadic. The father did not attend the March 6, 2020 review hearing, but his attorney informed the court that the father did not resist the current recommendations, which included that he cooperate with services and visits as well as complete a substance-abuse evaluation. The June 8 DHS report mirrored prior reports that the father still had not maintained consistent contact with the children, submitted to a substance-abuse evaluation, or participated in other

offered services. The report concluded with concerns about his stability and caretaking skills "due to his lack of engagement since DHS became involved."

The August 3 DHS report again noted the father's sporadic contact with the children, and his lack of engagement continued to feed into DHS's concern about the father's overall stability and his ability to care for the children on a full-time basis. By the time of the August 7 permanency hearing, he still had not participated in a substance-abuse evaluation. The court continued to order the prior DHS recommendations and found the father had not requested any additional services. In late 2020, the father was invited to participate in a family team meeting, but he failed to attend. In December 2020, the DHS worker again reached out to the father, but he told her he was not ready for the worker to visit his home. He claimed he would get back to the worker, but he failed to do so. While he attended the adjudicatory hearing on August 9, 2019, he failed to attend the dispositional hearing on September 6, 2019, the review hearing on March 6, 2020, and the permanency hearing on August 7, 2020.

The record is replete with the father's inconsistent efforts, by failing to engage in offered services and only having sporadic contact with his children. The court found it was in the children's best interests to sever the father's parental rights. *See* Iowa Code § 232.116(2). While there may be some bond between the children and the father, the court also did not find evidence of a strong bond that weighs against termination. *See id.* § 232.116(3)(c). We agree and affirm.

**AFFIRMED.**